UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH D. GILBERTI, P.E.,

    Petitioner,

v.                                             Case No.: 8:24-cv-1575-TPB-CPT

COUNCIL OF NATIONAL DEFENSE, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE AND VEXATIOUS LITIGANT WARNING

    This matter is before the Court on Petitioner Joseph D. Gilberti's petition for writ of mandamus, filed on July 17, 2024. (Doc. 1). After review of the petition, court file, and record, the Court finds as follows:

    "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). They do not have the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). To put it plainly, "[n]o federal question jurisdiction exists when the complaint is patently insubstantial." *Grady v. U.S. Dep't of Defense*, No. 16-14293-ROSENBERG, 2017 WL 35531, at *2 (S.D. Fla. Jan 4, 2017) (internal quotation omitted). A claim is "patently insubstantial" if it rests on essentially fictious allegations and "bizarre conspiracy theories." *Farris v. MetLife, Inc.*, No. 6:18-cv-278-Orl-41KRS, 2018 WL 4938684, at *4 (M.D. Fla. May 21, 2018), *adopted by* 2018 WL 4931818 (M.D. Fla. Oct. 11, 2018); *see also Grady*, 2017 WL

35531, at *2 ("Claims that are essentially fictious include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention.'" (quoting *Best*, 39 F.3d at 330)).

"This is the latest installment in Gilberti's series of substantially similar lawsuits alleging conspiracies to steal property in Sarasota County, deprive him of the land's natural resources, and poison the nation's water supply." *Gilberti v. Padar*, No. 2:23-cv-609-SPC-KCD, 2023 WL 9547875, at *1, 3 (M.D. Fla. Dec. 6, 2023).  In this case, Gilberti seeks a writ of mandamus to "protect the nation," asking the Court require Respondents Council of National Defense, Natural Resource Defense Council, and Army Corps of Engineers to "verify the endless resource" of a "global medicinal water supply" and implement certain plans to "enhance military defense with new water, food, [and] supply chains."  The resource in question appears to be an underground aquifer in Sarasota, Florida, that Gilberti claims is capable of delivering antioxidant spring water to millions of people.

Gilberti has brought similar claims in the past against various and numerous individuals and entities.  Each of those cases has been dismissed for lack of subject matter jurisdiction because those claims consisted of patently insubstantial claims. *See Gilberti v. Governor of Fla.*, 835 F. App'x 508, 511-12 (11th Cir. 2020) (affirming dismissal of prior lawsuit filed by Gilberti alleging conspiracy to 'purposely hid[e] Critical Us underground Alkaline spring water rivers."); *Gilberti v. Adrurra Grp., Inc.*, 810 F. App'x 806, 809 (11th Cir. 2020) (affirming dismissal of complaint for lack of subject matter jurisdiction because Gilberti offered no evidence or factual support for his incredulous allegations that certain individuals and entities worked together to

increase cancer rates, raise water bills, encourage the opioid epidemic, or encourage domestic terrorism); *Gilberti v. Fed. Reserve Sys.*, No. 19-5264, 2020 WL 1487738 (11th Cir. Mar. 3, 2020) (affirming dismissal of Gilberti's case based on lack of subject matter jurisdiction over patently insubstantial claims); *Gilberti v. Padar*, No. 2:23-cv-609-SPC-KCD, 2023 WL 9547875, at *1, 3 (M.D. Fla. Dec. 6, 2023) (recommending dismissal for lack of subject matter jurisdiction of "irrational, delusional, and factually frivolous" claims), *adopted by* 2024 WL 208531 (M.D. Fla. Jan. 19, 2024) (dismissing case); *Gilberti v. Pentagon*, No. 1:21-cv-680, 2022 WL 3447162, at *4 (E.D. Va. July 14, 2022) (dismissing for lack of subject matter jurisdiction because complaint was "absolutely devoid of merit" and contained "bizarre conspiracy theories"); *72 Partners, LLC v. Joseph D. Gilberti*, No. 8:21-cv-1952-WFJ-CPT (M.D. Fla. Oct. 5, 2021) (dismissing case for lack of subject matter jurisdiction as nonjusticiable and frivolous); *Gilberti v. Centers for Disease Control*, No. 8:21-cv-954-MSS-AEP, 2021 WL 2274183, at *1-2 (M.D. Fla. May 12, 2021) (dismissing case concerning "hidden underground Natural resource" of "Antioxidant Spring water" for lack of subject matter jurisdiction based on patently insubstantial claims); *Gilberti v. Adrurra Grp. Inc.*, No. 8:19-cv-2012-VMC-AAS (M.D. Fla. Dec. 2, 2019) (dismissing case for lack of subject matter jurisdiction based on wholly insubstantial claims involving endless alkaline spring water aquifer in Sarasota); *Gilberti v. Ron DeSantis*, No. 2:19-cv-283-FtM-38MRM, 2019 WL 5103312, at *1 (M.D. Fla. June 20, 2019) (dismissing case for lack of subject matter jurisdiction based on bizarre and incomprehensible claims involving drinking water conspiracy); *Gilberti v. Fed. Reserve Sys.*, No. 1:19-cv-738, 2019 WL 1901293, at *2 (D.D.C. Apr. 29, 2019) (dismissing case for lack of subject matter jurisdiction

because claims of conspiracy hiding endless supply of underground drinking water were clearly patently insubstantial).

The Court agrees with the other district and circuit courts that have considered Gilberti's claims – they are patently insubstantial, essentially fictitious, and obviously without merit. As such, the Court lacks subject matter jurisdiction. This case is patently frivolous and due to be dismissed, without leave to amend.

### VEXATIOUS LITIGANT WARNING

**Gilberti is warned that if he continues to file frivolous cases here or in any other courts, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Gilberti without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, without leave to amend.

2. The Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 26th day of July, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE